IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES STEPHEN GRADY, II, )
                                                                      )
      Plaintiff, )
                                                                      )
  -vs- )    Civil Action No. 18-334
                                                                      )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
                                                                      )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Alma S. de Leon, held a hearing on April 26, 2017. (ECF No. 7-3). On July 18, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 27-38).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 15). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Step Two Evaluation**

Plaintiff argues that the ALJ failed to consider his intellectual disability at step 2 of the evaluation. (ECF No. 10, pp. 12-19). Continuing on, Plaintiff essentially contends that the ALJ's failure to evaluate his limitations infected the rest of his sequential evaluation. *Id.* Therefore, Plaintiff submits that remand is warranted. *Id.* After a review of the record, I agree.

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.924(a). An impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §416.924(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.924(a).

In this case, the ALJ found Plaintiff to have certain severe and non-severe impairments. (ECF No. 7-2, p. 29). The ALJ did not, however, mention or even consider whether Plaintiff's intellectual impairment was severe. *Id.* Typically, when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is

3

harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Rather, the ALJ proceeded beyond step 2. In so doing, an ALJ makes a residual functional capacity (RFC)[2] determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RCF.

The error in this case, however, is not harmless. The ALJ completely fails to discuss Plaintiff's IQ test, his borderline full-scale IQ of 74 and the impact on Plaintiff's ability to function at step 2. *See,* (ECF No. 7-2, pp. 27-38). At step 5, despite acknowledgement that she must consider all evidence and all symptoms, both severe and non-severe, the ALJ again failed to recognize, mention or discuss Plaintiff's full-scale IQ of 74 and his borderline diagnosis. *Id.* I note that the ALJ mentions portions of Exhibit 19F (ECF No. 7-15, pp. 48-61), which contains the cognitive evaluation, but she fails to mention the pages containing the evaluation and opinions contained therein (ECF No. 7-15, pp. 48-50).[3] (ECF No. 7-2, pp. 36). Based on the

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he/she must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

   In the present case, I find the ALJ failed to meet this standard. As mentioned above, the ALJ did not discuss the cognitive evaluation of Dr. Groves as it relates to Plaintiff's full-scale IQ of 74 and borderline intellectual ability designation. (ECF No. 7-2, pp. 27-38). As a result, I am unable to tell if the ALJ

4

same, I find the ALJ's error at step two infiltrated the remaining parts of the sequential analysis and cannot be considered harmless. Therefore, I find that remand on this basis is warranted.

An appropriate order shall follow.

---

considered and rejected the same or if she failed to consider the same at all. The cognitive evaluation, as part of the record, should have been discussed. 20 C.F.R. §§ 404.1527; 416.927. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... he must consider all of the evidence and give some reason for discounting the evidence he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The ALJ's failure to discuss the same prohibits me from conducting a proper and meaningful review.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES STEPHEN GRADY, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-334 |
| ) | |
| ) | |
| NANCY A. BERRYHILL,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 7th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted and Defendant's Motion for Summary Judgment (ECF No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.